Good morning, and may it please the Court, Elizabeth Neumann for Mr. Gonzalez. Your Honor, I'd like to focus on the restitution issue, and at the heart of that issue is whether it was an abuse of discretion for the district court to order a restitutionary schedule of $250 a month, intending that to be a nominal amount under these circumstances. And this is a very circumstantial, fact-dependent inquiry that the district court was supposed to make. I guess the first point I'd like to make is that the government, nowhere at least that I can see in its brief, claims that this was a nominal amount, and the case is that If he hadn't used the word nominal, if he just said $250, would we be here? No, yes, we would still be here. If he had, I'm sorry, Your Honor. I mean, that's the problem, that he called it nominal? No, Your Honor. I think that as an absolute matter, as a non-nominal matter, it is still an abuse of discretion under the circumstances of this case. The court, the district court seemed to have some doubts about whether this amount was even possible for Mr. Gonzalez to pay. It hesitated. It said, well, I'll leave it up to the probation office. And if the district court is having doubts about whether it's possible to pay, then the district court is not clear that its legal obligation under the restitution statute, under 3664, that is, is to make sure that the restitutionary schedule is geared to the defendant's ability to pay it, to the defendant's economic circumstances, and particularly when the restitutionary statute provides for an order of nominal restitution payments, and particularly when the court actually does order the payments to be nominal. To say that $250 a month. What does it mean to call something, I mean, he ordered it to be nominal. What does that mean exactly? What's the legal significance of that? The legal significance is that it acknowledges that the defendant is indigent and it acknowledges that his circumstances aren't that likely to change, that he's always going to be basically indigent as, you know, as the CJA statute defines indigency, which doesn't preclude some degree of income. But it says, I mean, it's a question of what kind of income is left after necessary expenses are made. So what should the judge have done here? What should the judge have done? The judge should have made a restitutionary order that was truly nominal. In other cases, I've seen restitutionary orders that make an order of $50 a month as nominal. Or the judge might have made it in another appellate case. So he did, he did $250 instead of $50. Right. That's the mistake here. Well, that's right. Isn't it agreed that he couldn't delegate to the probation officer? Yes. All right. And so that's the $250? No, Your Honor. Well, yes and no. He said it at $250 and said. But he then delegated to the probation officer. Right. And that delegation is not proper? That delegation is not proper. And does the government agree to that? The government agrees that the delegation of $250 to the probation officer is not proper. But as I read the government's brief, it's saying that that was only with respect to whether that amount could be modified, that that delegation as to modification was not proper. All right. But the --"if we were to conclude that the delegation as to modification is not proper, but it's a basic part of the district court's decision to fix that amount because he thought that it could be modified, then we would have to remand the entire determination to impose the $250." Right. And even if the court decided that it was only the modification that was improper, I mean, the amount can be modified, but the court has to do it. So if a guy comes into a probation officer and says, I'm supposed to make a $250 payment this month and I can't do it, I'm broke, the probation officer, as you see it, shouldn't be able to say, okay, skip this month, come back next month. Are you at – is the court asking what the statute says or what I think ought to have happened? Well, I'm trying to understand. You know, he didn't really – I'm reading this order and it's unusual. It says, if any amount of the restitution remains unpaid after release from custody, nominal payments of at least $250 shall be made during the period of supervised release, comma, at the discretion of the probation officer. I interpret that to being kind of a point in his favor, in your guy's favor, that he's giving the probation officer authority to give him a pass, not to raise it, but to let him skip or not to violate him if he can't make it. I don't see why that isn't in your guy's advantage. But it doesn't say, you know, the probation officer can adjust it up or down or, you know, and then it says – and he also, unlike the Grunning case, doesn't leave a schedule for the – for the probation officer. It says the payments will begin 30 days after the commencement of supervision. I think it's standard to say that payments start 30 days after commencement of supervision. I mean, I can see where the Court's coming from, that why wouldn't we just be happy that we could negotiate with the probation officer? Not up, but down. Negotiate down. But I think that to say that it's – that negotiations of any sort should begin at $250 is an abuse of discretion by the district court. So what do we do? So the problem really is the amount – this is what I was getting back to – it's not using the word nominal. It's not that the probation officer could give the guy a holiday on the payments. That's not really the problem. No. The problem is that we agree that payments ought to be nominal, given Mr. Gonzalez's economic circumstances. And the district court recognized that. And that's also recognized by the restitutionary statute. But $250 as nominal, that doesn't make any sense. And $250 as not nominal doesn't make any sense. But it's really insult after injury to say that $250 is nominal for someone in his circumstances. If the order that I've just read, if it said this, if any amount of restitution remains unpaid after release, monthly payments of $250 shall be made, would that be – would that be reversible? Yes. That would be reversible as an abuse of discretion. As too high. As too high. It has nothing to do with whether it's called nominal or not nominal. Right. But, I mean, if you're calling it nominal and acknowledging that his circumstances are really close to the bone, then it's like an abuse of discretion plus, or it's more clearly an abuse of discretion. And also, I just want to make sure I'm clear on what your position is. You want us to hold that the probation officer cannot give a defendant consideration to reduce or to stay payments that he can't make. Only the judge can let him off the hook. Probation officer can't let him off the hook. I think that's what the statute says. I mean, the statute says that if – The statute says the court. The statute says the court – Okay. And the probation officer, unlike the Bureau of Prisons, is an arm of the court. So – Well, yes. I mean, he's the delegate of the judge. When you look at how this Court has decided other issues about delegation, the – the court – this Court has said that the probation officer can't take over or can't be delegated that core judicial function of, for example, setting a maximum number of drug tests. The Court said that in Stevens. And so by analogy – I don't think the probation officer can do anything to the prejudice of the defendant. I don't see why he can't give him – I'm perfectly happy with that ruling, Your Honor. I'm perfectly happy with that. Well, I think I'll reserve the balance of my time unless the Court has further questions. Thank you. Good morning, Your Honors. May it please the Court, Anthony Brown for the United States of America. May I ask you a question to start? Because it's what Judge Silverman has been inquiring about. Your brief says, in granting the probation officer the power to modify the amount of defendant's monthly payments if defendant's earnings were too low to justify the $250 amount, the district court improperly delegated its authority to determine whether a change in defendant's financial circumstances warrants modifying the payment schedule. Is that correct? You do agree that allowing the probation officer to tell him to skip or to reduce the amount is a violation? I believe that's contrary to the statute, Your Honor. Okay. So we can skip that issue, right? I think we're in agreement on that issue as to the amount of restitution ordered. Right. That's where the difference is here, Your Honor. Well, whatever that means, you've agreed again today that you can't delegate to the probation officer the right to lower the amount, even though it's to the benefit of the defendant. No. That's an issue that was just raised today. And as to Judge Silverman's question earlier, I believe that if the Court had set a ceiling on the amount of monthly restitution payments and then left some of that discretion to the probation officer, that would have raised a question that this Court hasn't yet addressed. Under the statute and under this particular order, what the Court said was the defendant has to pay at least $250 a month at the discretion of the probation officer. And that's why we believe that that's not true. Well, but why is the government fighting this issue if the district court was under the, by the government's view, mistaken impression that he could delegate the authority to probation to lower the amount? Doesn't the record suggest that he might have set a lower amount himself had he known that delegation was improper? And if so, isn't the best course a remand to allow the district court to consider the issue again? With the government's concession, why is the government fighting the amount of restitution set in this case? Because those are two separate issues, Your Honor. The delegation to the probation office is a separate issue from the reasonableness of the schedule that the Court imposed. Well, you don't know that it's a separate issue. It's, as Judge Wynn said, that may have been in the judge's mind when he set the amount, that the probation officer could reduce it. Had he thought that the probation officer couldn't, maybe he would have set a lower amount.   Well, that's how he remanded it. So if we look at page 52 of the excerpts of record, that's where defense counsel in the trial court asked Judge Klausner, maybe we could lower this to $100. And Judge Klausner was very clear about that. He said, I'll leave it the way I have it in here, and I'll, at this time, make sure that we know it's at the discretion of the probation officer. Well, that's the whole point, that he's not going to reduce it because he knows it's at the discretion of the probation officer to do it. Let me see if I can tease this apart a little bit more. Under the statute, 3664F, subsection 2, what the court's supposed to take into consideration when setting a schedule for restitution payments are the projected earnings and other income of the defendant. At this point in time, I think Judge Klausner was saying, my assessment of this defendant's projected earnings in light of the fact that he's a high school graduate, that he has a certified small technician and has other auto technician certifications, as well as the fact that he's been living with his mother in relatively little debt, is capable of paying $250 a month on this very large restitution amount. That's in line with at least two cases that the government has cited in its brief, the Booth case from this district and the Dolan case from the Tenth Circuit. So the reason that we're contesting this, we believe that that schedule, $250 a month. I just read, I must say, it seems to me, exposes of your argument. I mean, you just said they asked him to reduce it, and he said no, keeping in mind that the probation officer can do that. Well, think about how this plays out in the district court, Your Honor. At this point, Judge Klausner sentenced the defendant, he spends his time in prison, and when he gets out, he begins the payment schedule, right? From the judge's perspective at the sentencing, it looks like this defendant probably has a chance of going out and getting a job and making enough money to pay restitution. If circumstances change, what should happen is that the defendant should come back to the district court and present the circumstances so that the district court can make that finding. What Judge Klausner said is, I'm going to delegate that issue to the probation officer. That delegation was improper, but the original setting of the schedule was not. We don't know what's going to happen. Suppose this defendant does find a job. Well, we don't. Then there's no issue. If we demand it to Judge Klausner, he'll make that determination. And he won't have in mind that the probation officer is going to be able to do it. But in remanding, the only real issue here is whether or not that delegation isn't proper. So in remanding... No, the other issue is, did he take that into account when he fixed the amount and refused to reduce it? He said he was taking that into account. Respectfully, Your Honor, I disagree. I think that the record makes it very clear that he wasn't taking it into account. He was kicking it down the road to the probation office. Do you want to read what you just read about the $100? That's on ER page 52, Your Honor. Well, whatever it is you just read, could you read it again? Sure, I will. The defense counsel asks if Judge Klausner maybe could lower it to $100. And the court says, I'll leave that the way I have it in here, and I will at this time make sure we know that it's at the discretion of the probation officer. If he's not making enough to justify that amount, they can reduce it. So I think what's happening is Judge Klausner is putting in place a restitution schedule that at this point, in light of the facts that we know about this defendant, is reasonable. If facts change, then it can be changed. I want to say that Silverman certainly makes a good point if we were starting from scratch. But if you agree that that can't be done under the statute, then it looks like it seems to me we're on... The statute says you can't do that. It says the court has to do it. The case that interprets the statute is dealing with delegation to the Bureau of Prisons. Why isn't the probation office an arm of the court that can't do anything to change the judge's order to the detriment of the defendant, but could give him some consideration? I think that's based upon the plain language of the statute, 3664. Which plain language are we talking about? I'm talking about section 3664F2. Would you read the... Yeah, and the statute says, upon determination of the amount of restitution owed to each victim, the court shall... Okay, now that's why, to get back to what I'm saying, I can see where the Bureau of Prisons couldn't do it, but I don't see why, under that section, the court couldn't include the judge's designee, you know, his probation office. I think that's a good argument. It hasn't yet been raised. In terms of the BOP, it has been raised. Right. I mean, the court and the department and the Bureau of Prisons are two different things. They are, Your Honor. I think... Could the court just say, okay, I don't feel like deciding what the amount of restitution should be. The probation office is part of the court, so why don't I delegate fixing the amount to him? I don't think that would be allowable under the statute in the way this Court has interpreted the statute. I think you and Judge Silverman should change places. Yeah, it just seems to me the district, and this is not the biggest issue in the world, but it seems to me the district judges have a lot to do, and you guys in the U.S. Attorney's Office have a lot to do without being in court all day arguing whether somebody ought to get a month pass on the restitution because his car broke down. You know, if this is something that the probation officer could say, forget, you know, skip it, I'm not going to violate you this month, you know, I personally don't see what's wrong with that. Now, delegating altogether the entire total, that I see. You know, raising the restitution on its own without going back to the judge, I see the problem with that. But I don't see the problem with saying if you can't, if it's too high, let them reduce it, and if you don't like what the probation officer's done, then come back to me and complain. But I've got other things to do than, you know, worry about a $200 payment this month, you know. I would agree with you on that, and that's why earlier I mentioned that if this had set a ceiling for the amount of restitution to be paid, that would raise a completely different issue that hasn't been addressed, as far as I know, by this circuit. And under those circumstances, I think a defendant could hardly show that he was prejudiced by the exercise of discretion. Let me ask you one other thing. This is going to go back because of the other problem, right, the sweat patch, and there was maybe this problem as well. If we do send it back, any reason then we shouldn't say to the judge, go come up with and, you know, rethink your schedule, go rethink your amount? Well, I think – Since it's going to go back anyway. Obviously, the court could do that. I think the reason that we're contesting this is I think under the circumstances that what was probably just an infelicitous remark by the judge at that point and a mistake shouldn't allow the defendant to go relitigate this issue again. I think the court's already litigated it once. We shouldn't waste the resources on that. If the court sends it back, really all the judge has to do is cross those two issues, cross those two lines out of the judgment and then reissue the judgment. That would be the only thing that we would take up at the district court at that point. Okay. Thank you. Thank you, Your Honors. You could get in trouble if you argue this again. You've got a tiger over here. Well, I think I just want to make one point then, Your Honor, a very, very brief, narrow point that the government's argument that this should just be sent back so that some words can be crossed out of the J&C is something that the court should not accept, that in these circumstances, $250 a month is really an abuse of discretion. Especially given that the court intended the payment to be nominal, accepting that Mr. Gonzales is an indigent person. And unless the court has further questions or a roar from the tiger, then I will submit. Thank you. Thank you. Counsel, the case just argued will be submitted. Next case for argument is FTC v. E-Debit Pay.
judges: Reinhardt, Silverman, Nguyen